# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-120V
Filed: February 11, 2016
Not to be Published

```
*************************************
TERRA SCHALLER,                      *
                                     *
            Petitioner,              *    Petitioner's motion for a decision
                                     *    dismissing her petition granted;
v.                                   *    hepatitis B vaccine; Pneumovax;
                                     *    cellulitis
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*************************************
```

Andrew D. Downing, Phoenix, AZ, for petitioner.
Heather L. Pearlman, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On February 9, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that hepatitis B vaccine administered October 10, 2013 caused her pain, numbness, and loss of mobility in her right arm, shoulder, and hand. See Pet. at ¶ 16. On the same date, and in the same arm, petitioner also received PPV23 ("Pneumovax"), a vaccine not listed on the Vaccine Injury Table and, therefore, not compensable under the Vaccine Act. Also on the same date, she received influenza vaccine and tetanus-diphtheria-acellular pertussis ("Tdap") in her left arm.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On February 9, 2015, the case was assigned to former Chief Special Master Denise K. Vowell.

On May 15, 2015, petitioner filed the expert medical report of Dr. David Axelrod, an immunologist, stating petitioner's October 10, 2013 hepatitis B vaccination caused cellulitis and abscess of her right arm and shoulder. Ex. 14, at 1, 2. He attributed the cellulitis to petitioner's hepatitis B vaccination rather than to her Pneumovax because he did not find evidence of homology between Pneumovax and neuronal tissue. Id. at 4. Moreover, he stated the Pneumovax was administered at petitioner's lower right arm, below her right shoulder, and given subcutaneously, making it unlikely that the Pneumovax would have penetrated the space of petitioner's shoulder girdle. Id. Dr. Axelrod stated hepatitis B vaccine directly damaged petitioner's peripheral nerves. Id. at 5.

On August 4, 2015, respondent filed the expert opinion of Dr. Mehrdad Matloubian, an immunologist and rheumatologist, stating the rapidity of the occurrence of petitioner's symptoms suggested a delayed type of hypersensitivity response to Pneumovax. Ex. A, at 1, 4. He notes that the multiple imaging studies showed a superficial process limited to the skin and not involving any of petitioner's underlying fascia or muscles, concluding there was no evidence of a subcutaneous abscess or an intramuscular abscess (pyomyositis). Id. at 5. Moreover, Dr. Matloubian notes petitioner's skin changes had completely resolved by three weeks post-vaccination. Id. Dr. Matloubian states, "I am certain the Pneumovax was the culprit." Id. He states hepatitis B vaccine was administered intramuscularly and would have been injected into petitioner's right deltoid muscle. Id. He also states the Pneumovax, given subcutaneously, would have been injected after pinching the skin of petitioner's upper arm and much more distally to her shoulder where the deltoid muscle is located. Id. Many of petitioner's doctors described petitioner's erythema as being in her right triceps located internally just distal to her armpit. Id. None of her doctors described any redness on the outside of her arm or on her shoulder which would be in the deltoid area. Id. Photographs that petitioner filed as Exhibit 13 were consistent with her doctors' descriptions, showing redness in the inner part of her upper arm extending into her armpit. Id. None of these photographs showed a lesion on her right shoulder or deltoid muscle. Id. Dr. Matloubian concludes that the lesion corresponds to the site of the subcutaneous administration of Pneumovax in petitioner's right arm and not to the site of the intramuscular administration of hepatitis B vaccine. Id. He states petitioner had either a cellulitis or injection site reaction to Pneumovax that she received subcutaneously in her right arm. Id. at 6. He states that petitioner did not have signs or symptoms of a systemic inflammatory response, such as fever. Id. at 8. Her symptoms were localized to the arm where she received Pneumovax. Id.

On August 10, 2015, the case was transferred to the undersigned.

On October 29, 2015, the undersigned ordered petitioner to file a report by Dr. Axelrod responding to Dr. Matloubian's report by December 4, 2015.

On December 4, 2015, petitioner moved for a 30-day extension of time to file Dr.

Axelrod's responsive report. On December 5, 2015, the undersigned granted petitioner's motion, setting February 13, 2016 as the deadline for filing Dr. Axelrod's responsive report.

By informal communication with the undersigned's law clerk on February 8, 2016, petitioner's counsel stated he was not going to file a responsive report from Dr. Axelrod.

On February 11, 2016, petitioner filed a Motion for a Decision Dismissing her Petition, stating she "recognizes that she will likely be unable to meet her burden of proof and establish that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. ¶ 2. She also states she "cannot demonstrate that it was more likely the Hepatitis B vaccination that she received on October 10, 2013, and not the pneumococcal vaccine (a vaccine not covered by the Program) she received in the same arm" that caused her injury. Id. She further states "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." Id. at ¶ 3.

The undersigned grants petitioner's motion and dismisses this case for failure to make a prima facie case of causation in fact.

**DISCUSSION**

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for her hepatitis B vaccination, she would not have had cellulitis, but also that her hepatitis B vaccination was a substantial factor in causing her cellulitis. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her

3

claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1).  In the instant action, petitioner filed an expert report from Dr. Axelrod substantiating her allegations.  But respondent's expert Dr. Matloubian refuted Dr. Axelrod's conclusions, basing his opinion not only on the treating doctors' opinions, but also on the imaging filed in the record and his own superior expertise in the subject matter.  Given the opportunity to have Dr. Axelrod rebut Dr. Matloubian's expert opinion, petitioner did not do so, a tacit admission from her own expert Dr. Axelrod that he could not refute Dr. Matloubian's opinion that it was the Pneumovax, not the hepatitis B vaccine, which caused her arm injury.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing her Petition and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: February 11, 2016                                                               s/ Laura D. Millman
                                                                                                        Laura D. Millman
                                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.